CHARLES E. BUTTERLEY *vs.* ALEXANDER DALLAS, IN-
CORPORATED.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

The evidence reviewed and the refusal of the trial court to set aside a
verdict for the plaintiff, in an action for personal injury, sustained.

Argued October 23d—decided December 17th, 1918.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant for the refusal of the trial court to set aside the verdict as against the evidence. *No error.*

*Wilson H. Pierce,* for the appellant (defendant).

*Terrence F. Carmody* and *John L. Gaffney,* for the appellee (plaintiff).

PER CURIAM. After a careful examination of the evidence we are convinced that the Superior Court did not err in refusing to set aside the verdict. The plaintiff offered evidence to prove, and claimed that he had proven, that when he was attempting to cross Main Street in the city of Waterbury at about six-thirty p. m. he was struck, knocked down and dragged about one hundred and fifty feet by the defendant's automobile, when the car was stopped by the intervention of a policeman. The testimony given by the plaintiff and his witnesses was consistent with and tended to establish the allegations of his complaint, that he was in the exercise of due care when injured.

The negligence of the defendant, as shown by the plaintiff's evidence, was in giving no signal of the approaching automobile; and in running at an excessive rate of speed when the driver well knew he was in a section of the city where there were a large number of factories from which the employees were leaving for their homes. Furthermore, evidence was introduced that when the accident happened the windshield of the defendant's automobile was so clouded and covered with mist and water that it was almost impossible to see anything through it. The plaintiff claimed and offered evidence to show that under these circumstances it was apparent that the driver of the car made no reasonable effort to ascertain whether there were travelers in the street before him. Upon this evidence we certainly cannot hold that the jury could not reasonably have come to the conclusion which they reached.

There is no error.